**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No.  12-cv-00666-REB-CBS

UNITED STATES OF AMERICA,
*ex rel.* Dale Todd,

     Plaintiffs,

v.

FIDELITY NATIONAL FINANCIAL, INC.,
SERVICELINK, INC.,

     Defendants.

**ORDER CONCERNING MOTION FOR COSTS & MOTION FOR ATTORNEY FEES**

**Blackburn, J.**

This matter is before me on the following: (1) **Defendant Castle Stawiarski, LLC and CS Legal Services' Motion for Costs** [#83][1]; and (2) **Defendant Castle Stawiarski, LLC and CS Legal Services' Motion Attorneys' Fees** [#84], both filed July 22, 2013.  The motions prompted responses [#97 & #98] and replies [#102 & #103].  I grant the motion for costs in part and deny it in part.  I deny the motion for attorney fees.

## I. BACKGROUND

This case is a *qui tam* action under the False Claims Act, 31 U.S.C. § 3279 *et seq.*  The relator, Dale Todd, filed his first amended complaint [#11] on January 15, 2013, alleging that Colorado American Title performed vastly substandard title work for

---

[1] "[#83]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

homes whose loans were guaranteed by Freddie Mac, Fannie Mae, HUD, FHFA or VA. According to the first amended complaint, defendants Castle Stawiarski, LLC and CS Legal Services previously owned Colorado American Title and provided legal services in connection with the title services conducted by Colorado American Title. On July 5, 2013, following some initial proceedings, the relator voluntarily dismissed without prejudice 20 of the 25 defendants named in the amended complaint. The notice of dismissal [#70] was filed under FED. R. CIV. P. 41(a)(1)(A)(i) and dismissed without prejudice the claims against Castle Stawiarski, LLC and CS Legal Services (Law Firm Defendants) and several other defendants. Even though the notice of dismissal [#70] was self-effectuating, the court entered an order [#73] approving the notice, dismissing the defendants specified in the notice, and dropping those defendants from the caption of this case.

In their present motions, the Law Firm Defendants seek an award of costs under FED. R. CIV. P. 54(d)(1) and an award of attorney fees under 31 U.S.C. § 3730(d)(4), part of the False Claims Act. In response to both motions, the relator contends, *inter alia*, that the law firm defendants are not properly viewed as "prevailing parties" under either Rule 54(d)(1) or § 3730(d)(4) because the claims against the Law Firm Defendants were dismissed by the relator, the plaintiff, under Rule 41(a)(1)(A)(i). According to the Law Firm Defendants, they properly are viewed as prevailing parties and are entitled to an award of both costs and attorney fees.

## II. ANALYSIS

### A. Costs

Addressing an award of costs after a voluntary dismissal by a plaintiff, the United States Court of Appeals for the Tenth Circuit, sitting *en banc*, held "that a defendant is a prevailing party under Rule 54 when, in circumstances not involving settlement, the plaintiff dismisses its case against the defendant, whether the dismissal is with or without prejudice." **Cantrell v. Int'l Bhd. of Elec. Workers, AFL-CIO, Local 2021**, 69 F.3d 456 (10th Cir. 1995). The dismissal in this case did not involve a settlement. Given the holding in **Cantrell**, I conclude that the Law Firm Defendants are prevailing parties for the purposes of Rule 54(d).

Even if the Law Firm Defendants are prevailing parties, the relator asserts, their motion for costs should be denied because it was untimely. Under D.C.COLO.LCivR 54.1, a bill of costs must be filed "within 14 days after the entry of judgment or final order." The notice of dismissal [#70] was neither an entry of judgment nor a final order. The order of the court issued in reaction to the notice [#73] was not a final order. The motion for costs was timely filed and, if anything, is premature.

The relator argues also that costs should not be awarded because the factors specified in **Cantrell** militate against an award of costs. Rule 54 creates a presumption that the district court will award costs to the prevailing party. **Cantrell**, 68 F.3d at 459. A court has discretion to decline to award costs, but that discretion is limited and may be exercised only when the circumstances summarized in **Cantrell** are present. *Id*. In their motion, the Law Firm Defendants seek a determination that they are entitled to an

award of costs, and they seek leave to file a bill of costs within 14 days of an order on their motion. Without a bill of costs, the court cannot fully analyze the *Cantrell* factors.

Because a judgment or final order has not entered in this case, a bill of costs is not yet due from the Law Firm Defendants. However, because the Law Firm Defendants are prevailing parties under Rule 54(d), they are entitled to submit a bill of costs within 14 days after the entry of a judgment or final order in this case. D.C.COLO.LCivR 54.1. Once a judgment or final order has entered, a bill of costs has been submitted, and the clerk has taxed costs under FED. R. CIV. P. 54(d), the court then may review any motion challenging the costs taxed by the clerk and, as part of that review, apply the factors summarized in *Cantrell*. Absent a judgment or final order, however, taxation of costs and review of costs taxed is premature. Thus, the motion for costs filed by the Law Firm Defendants is granted to the extent the Law Firm Defendants seek a determination that they are prevailing parties under FED. R. CIV. P. 54(d). Resolution of the amount of costs to be taxed and the propriety of an award of costs in a specific amount must await completion of the events and procedures outlined in FED. R. CIV. P. 54(d) and D.C.COLO.LCivR 54.1.

## B. Attorney Fees

In the context of a notice of dismissal under FED. R. CIV. P. 41(a)(1)(A)(i), the landscape for prevailing parties shifts dramatically when the issue is an award of attorney fees under a federal fee shifting statute, as opposed to an award of costs under Rule 54(d). The Tenth Circuit addressed this issue in *Lorillard Tobacco Co. v. Engida*, 611 F.3d 1209 (10th Cir. 2010). The *Lorillard* court addressed a claim that a

defendant dismissed from an action via a notice of dismissal under Rule 41(a)(1)(A)(i) was a prevailing party for the purpose of a fee shifting statute. In *Lorillard*, the court noted that "(u)nder the plain language of Rule 41(a)(1)(A)(i), a plaintiff may dismiss the action without a court order; no judicial sanction is required." *Lorillard*, 611 F.3d at 1215.

> Voluntary dismissal of an action ordinarily does not create a prevailing party because in order to create a prevailing party there must be a "judicially sanctioned change in the legal relationship of the parties." ***Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.***, 532 U.S. 598, 605, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001).

*Lorillard*, 611 F.3d at 1215. Absent such a judicially sanctioned change, the *Lorillard* court held, the defendant was not a prevailing party for purposes of the fee shifting statute.

The defendant in *Lorillard* sought an award of attorney fees under 15 U.S.C. § 1117(a), part of the Lanham Act. That section provides, in relevant part:

> The court in exceptional cases may award reasonable attorney fees to the prevailing party.

15 U.S.C. § 1117(a). The Law Firm Defendants seek an award of attorney fees under 31 U.S.C. § 3730(d)(4), which provides, in relevant part:

> [i]f the Government does not proceed with the action and the person bringing the action conducts the action, the court may award to the defendant its reasonable attorneys' fees and expenses if a defendant prevails in the action and the court finds that the claim of the person bringing the action is clearly frivolous, clearly vexatious or brought primarily for purposes of harassment.

Both statutes provide for an award of attorney fees to a prevailing party, although § 3730(d)(4) is limited to prevailing defendants.

Given the holdings in **Buckhannon** and **Lorillard**, I may not conclude that the Law Firm Defendants are prevailing defendants for the purpose of an award of attorney fees under § 3730(d)(4). The claims against the Law Firm Defendants were dismissed by the relator via a notice to dismiss under Rule 41(a)(1)(A)(I). That notice was self-effectuating when filed, and no judicial sanction was required to make the notice effective. **Lorillard**, 611 F.3d at 1215. The notice [#70] did not result in a judicially sanctioned change in the legal relationship of the parties and, therefore, did not cause the Law Firm Defendants to become prevailing defendants.

The Law Firm Defendants argue that this case differs from **Lorillard** because in this case, the court entered an order [#73] approving the Rule 41(a)(1)(A)(i) notice of dismissal [#70] filed by the relator. That order, the Law Firm Defendants assert, constitutes a judicially sanctioned change in the relationship of the parties. I disagree. A determination of who is and who is not a prevailing party does not hinge on whether or not a court enters an order in response to a Rule 41(a)(1)(A)(i) notice of dismissal. This is true because court approval of such a notice is not necessary and has no effect on the legal relationship of the parties independent of the notice. It was the Rule 41(a)(1)(A)(i) notice of dismissal filed by the relator that changed the legal relationship of the parties, without judicial sanction, and not the order issued in response to the notice.

### III. CONCLUSION & ORDERS

The Law Firm Defendants are prevailing parties under FED. R. CIV. P. 54(d) and, when a judgment or final order enters in this case, the Law Firm Defendants my file a

bill of costs and seek taxation of costs from the clerk.  Once costs have been taxed, any award of costs to the Law Firm Defendants may be challenged as provided under Rule 54(d) and D.C.COLO.LCivR 54.1.  However, the Law Firm Defendants are not prevailing defendants for purposes of  31 U.S.C. § 3730(d)(4) and, therefore, are not entitled to an award of attorney fees.

**THEREFORE, IT IS ORDERED** as follows:

1. That **Defendant Castle Stawiarski, LLC and CS Legal Services' Motion for Costs** [#83] filed July 22, 2013, is **GRANTED** in part;

2. That defendants Castle Stawiarski, LLC and CS Legal Services are prevailing parties under FED. R. CIV. P. 54(d) and **MAY FILE** a bill of costs under Rule 54(d) and D.C.COLO.LCivR 54.1, when a judgment or final order enters in this case;

3. That otherwise, **Defendant Castle Stawiarski, LLC and CS Legal Services' Motion for Costs** [#83] filed July 22, 2013, is **DENIED**; and

4. That **Defendant Castle Stawiarski, LLC and CS Legal Services' Motion Attorneys' Fees** [#84], both filed July 22, 2013, is **DENIED**.

Dated March 12, 2014, at Denver, Colorado.

                                              **BY THE COURT:**

*/s/ Robert E. Blackburn*
Robert E. Blackburn
United States District Judge