**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 1:12-cv-666-REB-CBS

UNITED STATES OF AMERICA, ex rel. DALE TODD,

   Plaintiffs,

v.

FIDELITY NATIONAL FINANCIAL, INC., et al.,

   Defendants.

**ORDER ADOPTING RECOMMENDATIONS OF
UNITED STATES MAGISTRATE JUDGE**

**Blackburn, J.**

This matter is before me on the following: (1) the **Defendants' Motion to Dismiss Second Amended Complaint Pursuant to FED. R. CIV. P. 12(b)(1), 12(b)(6), and 9(b)** [#121][1] filed on October 11, 2013; and (2) the corresponding **Recommendation Regarding Defendants' Motion To Dismiss** [#141] filed August 19, 2014.  Both the relator, Dale Todd, and the defendants filed objections [#144 & #145] to the recommendation.  I overrule the objections, approve and adopt the recommendation, grant the motion to dismiss in part and deny it in part.

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which the parties object.  I have considered carefully the recommendation, the objections, and the applicable law.

In the recommendation [#141], The magistrate judge provides a detailed

---

[1] "[#121]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

description of the allegations in the complaint and the issues presented in the motion to dismiss. I summarize the background only briefly. The relator, Dale Todd, was employed by one or more of the defendants. Defendants Service Link and First American Title Insurance provided title insurance and other services to the Federal Home Loan Mortgage Corporation (Freddie Mac) during the relevant time period. Mr. Todd alleges that Service Link and First American omitted important and required information from its title commitments and title insurance policies issued to Freddie Mac. Mr. Todd contends the defendants submitted false or fraudulent claims for payments to Freddie Mac for substandard title work performed by the defendants. In addition, Mr. Todd says he raised these issues with his employer but, in the end, no remedial action was taken. According to Mr. Todd, the defendants retaliated against him because of his pursuit of his investigation of these issues by demoting him, reducing his pay, and, ultimately, eliminating his salary.

In his complaint [#109], Mr. Todd asserts three claims alleging violation of the False Claims Act, 31 U.S.C. §§ 3729 - 3732, based on the alleged submission of false or fraudulent claims to the government. In addition, he asserts a claim of retaliation under 31 U.S.C. § 3730(h). Addressing the motion to dismiss, the magistrate judge concludes that the three claims of Mr. Todd alleging that the defendants submitted false or fraudulent claims for payments to Freddie Mac for substandard title work must be dismissed because Freddie Mac was not a government entity at the relevant times. As noted by the magistrate judge, the precise status of Freddie Mac at the relevant times is an unsettled question. *Recommendation* [#141], p. 20. In addition, the magistrate judge concludes that the allegations in the complaint do not support a claim that the defendants are liable for the alleged false claims because Freddie Mac was a grantee of

government funds which funds were lost via payments by the government to the defendants. On these bases, the magistrate judge recommends that the motion to dismiss be granted as to the first, second, and third claims for relief.

However, addressing the retaliation claim of Mr. Todd, the fourth claim for relief, the magistrate judge recommends that the motion to dismiss be denied. The applicable statute provides:

> Any employee, contractor, or agent shall be entitled to all relief necessary to make that [person] whole, if that employee, contractor, or agent is discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against in the terms and conditions of employment because of lawful acts done by the employee, contractor, agent or associated others in furtherance of an action under this section or other efforts to stop one or more violations of this subchapter.

31 U.S.C. § 3730(h). The defendants contend that Mr. Todd cannot assert a retaliation claim because his investigation while employed by the defendants was not focused on a False Claims Act claim. however, an investigation focused on the False Claims Act is not required to support a retaliation claim under § 3730(h). ***U.S. ex rel. Yesudian v. Howard Univ.***, 153 F.3d 731, 741 (D.C. Cir. 1998). Rather, the investigation need only implicate illegal activities that would constitute fraud on the United States or warn the employer of regulatory noncompliance and false reporting of information to a government agency. ***McBride v. Peak Wellness Ctr., Inc.***, 688 F.3d 698, 704 (10th Cir. 2012). The allegations in the complaint concerning the investigation of Mr. Todd satisfy this requirement.

The fact that Mr. Todd has not alleged an arguable underlying claim under the False Claims Act does not necessarily defeat his retaliation claim. "(T)the case law is clear that a retaliation claim can be maintained even if no FCA action is ultimately successful or even filed." ***U.S. ex rel. Ramseyer v. Century Healthcare Corp.***, 90

F.3d 1514, 1522 (10th Cir. 1996). I agree with the magistrate judge that the issues surrounding the retaliation claim are best addressed in a motion for summary judgment.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Recommendation Regarding Defendants' Motion To Dismiss** [#141] filed August 19, 2014, is **APPROVED** and **ADOPTED** as an order of this court;

2. That the objections [#144 & #145] of the parties are **OVERRULED**;

3. That under FED. R. CIV. P. 12(b)(6), the **Defendants' Motion to Dismiss Second Amended Complaint Pursuant to FED. R. CIV. P. 12(b)(1), 12(b)(6), and 9(b)** [#121] filed on October 11, 2013, is **GRANTED** as to the first, second, and third claims for relief alleged in the complaint [#109], and those claims are **DISMISSED**; and

4. That otherwise, the **Defendants' Motion to Dismiss Second Amended Complaint Pursuant to FED. R. CIV. P. 12(b)(1), 12(b)(6), and 9(b)** [#121] filed on October 11, 2013, is **DENIED**.

Dated September 16, 2014, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn
Robert E. Blackburn
United States District Judge