**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 12-cv-666-REB-CBS

UNITED STATES OF AMERICA, ex rel. DALE TODD,

    Plaintiffs,

v.

FIDELITY NATIONAL FINANCIAL, INC., et al.,

    Defendants.

## ORDER DENYING MOTION FOR SUMMARY JUDGMENT

**Blackburn, J.**

This matter is before me on the **Defendants' Motion for Summary Judgment** [#163][1] filed December 1, 2014. The plaintiff filed a response [#169], and the defendants filed a reply [#172]. I deny the motion.

### I. JURISDICTION

I have jurisdiction over this case under 28 U.S.C. § 1331 (federal question).

### II. STANDARD OF REVIEW

Summary judgment is proper when there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. **FED. R. CIV. P.** 56(a); ***Celotex Corp. v. Catrett***, 477 U.S. 317, 322 (1986). A dispute is "genuine" if the issue could be resolved in favor of either party. ***Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.***, 475 U.S. 574, 586 (1986); ***Farthing v. City of Shawnee***, 39 F.3d

---

[1] "[#163]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

1131, 1135 (10th Cir. 1994).  A fact is "material" if it might reasonably affect the outcome of the case.  **Anderson v. Liberty Lobby, Inc.**, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); **Farthing**, 39 F.3d at 1134.

A party who does not have the burden of proof at trial must show the absence of a genuine fact issue.  **Concrete Works, Inc. v. City & County of Denver**, 36 F.3d 1513, 1517 (10th Cir. 1994), **cert. denied**, 514 U.S. 1004 (1995).  Once the motion has been properly supported, the burden shifts to the nonmovant to show, by tendering depositions, affidavits, and other competent evidence, that summary judgment is not proper.  *Id*. at 1518.  All the evidence must be viewed in the light most favorable to the party opposing the motion.  *Id*. at 1517.

### III.  BACKGROUND

Defendants Fidelity National Financial, Inc. and Fidelity National Title Insurance Company (Fidelity) provide title insurance and closing services in real estate transactions.  Affiliates of Fidelity entered into contracts with the Federal Home Loan Mortgage Corporation (Freddie Mac) to provide title services in connection with the sale of properties by Freddie Mac.  At the times relevant to this case and continuing to the present, the plaintiff, Dale Todd, was and is an employee of Fidelity.

In his complaint [#109], Mr. Todd alleges that Fidelity defrauded Freddie Mac by charging Freddie Mac for full and reasonable title searches while providing only worthless title searches.  Mr. Todd asserts four claims under the False Claims Act (FCA) 31 U.S.C. §§ 3729 - 3733.  The FCA prohibits any person from making false or fraudulent claims for payment to the United States and provides for substantial damages and civil penalties for making such claims.  31 U.S.C. § 3729.  Under the FCA, private individuals, such as Mr. Todd, may bring *qui tam* actions in the name of

2

the government based on violations of § 3729. 31 U.S.C. § 3730(b)(1). Three of the claims asserted by Mr. Todd are claims asserting violations of § 3729. Mr. Todd's fourth claim is a claim that Fidelity retaliated against Mr. Todd by imposing negative employment actions against Mr. Todd in retaliation for his investigation and initiation of his claims under the FCA. 31 U.S.C. § 3730(h).

The only claim still pending is Mr. Todd's retaliation claim. His other claims under the FCA were dismissed for failure to state a claim on which relief can be granted. *Order* [#146]. In my order [#146] dismissing the underlying FCA claims, I adopted the detailed and thorough recommendation [#141] of the magistrate judge, which recommendation addressed the issues raised in the motion to dismiss. The magistrate judge concluded, *inter alia*, that Freddie Mac was not a government entity at the relevant times for the purposes of the FCA. Therefore, any actions which may have defrauded Freddie Mac may not be the basis of a claim under § 3729 of the FCA.

## IV. VIABILITY OF RETALIATION CLAIM FOLLOWING DISMISSAL UNDERLYING FCA CLAIMS

31 U.S.C. § 3730(h) provides a cause of action for any employee who is

> discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against in the terms and conditions of employment because of lawful acts done by the employee, contractor, agent or associated others in furtherance of an action under [the FCA] or other efforts to stop 1 or more violations of this subchapter.

To establish a retaliation claim under § 3730(h), Mr. Todd must show that (1) he engaged in protected activity, meaning investigation or other acts done in furtherance of an action under the FCA; and (2) his employer discriminated against him because of his protected activity. **U.S. ex rel. Yesudian v. Howard University**, 153 F.3d 731, 736 (D.C. Cir. 1998).

With the dismissal of all of the underlying FCA claims of Mr. Todd, the

3

defendants contend his actions in pursuit of those failed claims cannot be seen as actions in furtherance of an action under the FCA. Absent evidence of such protected activity, the defendants claim, the defendants are entitled to summary judgment on the retaliation claim. I respectfully disagree.

In ***U.S. ex rel. Ramseyer v. Century Healthcare Corp***., 90 F.3d 1514, 1522 (10th Cir. 1996), in which subject matter jurisdiction was at issue, the Tenth Circuit observed relevantly as follows:

> Defendants first assert that if the court lacks jurisdiction to entertain plaintiff's *qui tam* action under section 3730(e)(4)(A), plaintiff likewise cannot maintain a retaliation claim under section 3730(h). We have already concluded that plaintiff's *qui tam* claim is not barred for lack of jurisdiction and thus defendants' premise fails. Accordingly, we need not address that issue further, except to note that the case law is clear that a retaliation claim can be maintained even if no FCA action is ultimately successful or even filed.

(internal citations omitted).[2] Generally, the parties in this case agree that investigation or other action is protected action under § 3730(h) if that investigation or action "reasonably could lead to a viable [FCA] case." ***See, e.g., Yesudian***, 153 F.3d at 740 (citing cases). The ***Yesudian*** court found that protected action includes actions of employees "while they are collecting information about a possible fraud, *before* they have put all of the pieces of the puzzle together." ***Id***. (emphasis in original). Although Yesudian did not prevail at trial on any of his claims that Howard University had submitted false claims to the government, *id*. at 734, the United States Court of Appeals for the District of Columbia Circuit found that his § 3730(h) retaliation claim was viable because Yesudian's investigation reasonably could have led to a viable FCA case. ***Id***.

The defendants contend that the facts investigated by Mr. Todd and the

---

[2] Although this dictum may not be dispositive, it is instructive in our case.

4

allegations asserted by him to the effect that Fidelity and related entities were defrauding Freddie Mac, could, as a matter of law, never reasonably lead to a viable FCA case because Freddie Mac was not a government entity within the meaning of the FCA at 31 U.S.C. § 3729(a) (requiring "an officer or employee of the United States Government"). If that is true, defendants continue, then, by definition, the investigation and other actions of Mr. Todd cannot be seen as protected action under § 3730(h).

Viewing the undisputed facts in the record in the light most favorable to Mr. Todd, I disagree with the contention of the defendants. As discussed in the recommendation [#141] of the magistrate judge, the question of whether Freddie Mac was a government entity or grantee under § 3729(a) is a close question, particularly after the advent of the 2008 conservatorship. In that conservatorship, the federal government essentially took over Freddie Mac and injected huge amounts of federal money into the enterprise. Under the provisions of the FCA on which Mr. Todd relied in asserting his underlying claims, it is reasonable to argue that, given the comprehensive nature and extent of the fiduciary and financial relationship between Freddie Mac and the government, the FCA was applicable. Given the insight of the Tenth Circuit in **Ramseyer**, the fact that the reasonable arguments of Mr. Todd did not ultimately carry the day in this court does not mean *ipso facto* that his investigation and assertion of his claims are not protected action under § 3730(h). In fact, I conclude to the contrary.

## V. APPLICABLE PERIOD OF LIMITATIONS

In July 2010, Congress amended § 3730(h) to add a three-year period of limitations for retaliation claims. 31 U.S.C. § 3730(h)(3). Prior to that time, the FCA did not provide a period of limitations for retaliation claims. Congress did not state whether or not the newly enacted period of limitations was to apply retroactively. In 2005, before

§ 3730(h) included a period of limitations, the Supreme Court of the United States held that the period of limitations applicable to FCA retaliation claims was the "most closely analogous state statute of limitations." ***Graham County Soil & Water Conservation Dist. v. U.S. ex rel. Wilson***, 545 U.S. 409, 422 (2005).

The defendants contend that the two-year period of limitations found in §13-80-102(1)(g), C.R.S., was applicable to FCA retaliation claims before § 3730(h) was amended in July 2010. Mr. Todd filed his initial complaint [#1] on March 12, 2012. If a two-year period of limitations applies, then the retaliation claim of Mr. Todd is limited to retaliatory actions which took place on or after March 12, 2010. If the three-year period of limitations found in § 3730(h) is applicable, then the retaliation claim of Mr. Todd is limited to retaliatory actions to actions which took place on or after March 12, 2009. According to the defendants, using § 3730(h) to expand the scope of potential liability is not proper. I disagree.

In many contexts, application of a newly enacted statute to conduct which pre-dates the statute is disfavored. ***Landgraf v. USI Film Products***, 511 U.S. 244, 268-69 (1994). "The presumption against statutory retroactivity has consistently been explained by reference to the unfairness of imposing new burdens on persons after the fact." ***Id***. at 270. However, a "statute does not operate 'retrospectively' merely because it is applied in a case arising from conduct antedating the statute's enactment . . . ." ***Id***. at 269. Generally, the institution and application of a new procedural rule to conduct pre-dating the procedural rule does not make application of the rule retroactive. "Because rules of procedure regulate secondary rather than primary conduct, the fact that a new procedural rule was instituted after the conduct giving rise to the suit does not make application of the rule at trial retroactive." ***Id***. at 275. The Court noted also

"the diminished reliance interests in matters of procedure." *Id*.

Here, the new, expanded period of limitations enacted in July 2010 regulates secondary conduct, the time for a plaintiff to file suit, rather than primary conduct, the retaliatory actions of a defendant. The new period of limitations is quintessentially procedural and, at the time the new period of limitations was enacted, the claims of Mr. Todd were not stale even if a two-year period of limitations was applicable previously. Thus, application of the three-year period of limitations found in § 3730(h)(3) to the retaliation claims of Mr. Todd is proper. *See Vernon v. Cassadaga Valley Cent. School Dist.*, 49 F.3d 886, 890-91 (2nd Cir. 1995).

## VI.  CONCLUSION AND ORDER

Although the underlying FCA claims of Mr. Todd were dismissed because Freddie Mac is not an officer or employee of the United States government within the meaning of § 3729(a), his investigation and other actions may be seen as protected action under § 3730(h).  Viewing the facts in the record in the light most favorable to Mr. Todd, he has a viable retaliation claim under § 3730(h), which is subject to the three-year period of limitations of § 3730(h)(3).  Given these conclusions of law, the motion for summary judgment [#163] of the defendants is denied.

**THEREFORE, IT IS ORDERED** that the **Defendants' Motion for Summary Judgment** [#163] filed December 1, 2014, is **DENIED**.

Dated March 13, 2015, at Denver, Colorado.

**BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge