## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge Robert E. Blackburn

Civil Action No. 12-cv-666-REB-CBS

UNITED STATES OF AMERICA, ex rel. DALE TODD,

      Plaintiffs,

v.

FIDELITY NATIONAL FINANCIAL, INC.,
FIDELITY NATIONAL TITLE INSURANCE COMPANY,
CHICAGO TITLE INSURANCE COMPANY,
SERVICELINK, INC., and
SERVICELINK, LLC,

      Defendants.

---

## ORDER GRANTING MOTION TO EXCLUDE
## SECOND EXPERT REPORT

---

**Blackburn, J.**

    This matter is before me on the **Motion To Exclude Second Expert Report of Dr. Pacey** [#179][1] filed February 23, 2015.  The plaintiff filed a response [#195] and the defendants filed a reply [#203].  I grant the motion.

## I. BACKGROUND

    The claim at issue in this case is a retaliation claim under the False Claims Act (FCA).  The plaintiff, Dale Todd, alleges that the defendants, which are and were the employer of Mr. Todd, imposed negative employment actions against Mr. Todd in retaliation for his investigation and initiation of claims under the FCA.  Title 31 United States Code section 3730(h), a part of the FCA, prohibits such retaliation.

---

[1]    "[#179]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

On December 31, 2014, Mr. Todd identified Dr. Patricia Pacey as a retained expert who will testify about the economic damages Mr. Todd suffered as a result of the retaliation of the defendants.  The initial report of Dr. Pacey [#179-2] is shown as Exhibit 2 to the present motion.  In her initial report, Dr. Pacey applied a three-year period of limitations, the period of limitations Mr. Todd argued is applicable to his retaliation claim.  Later, I entered an order [#210] in which I held that, indeed, a three-year period of limitations is applicable to his retaliation claim.  The initial complaint was filed on March 12, 2012.  Thus, applying the three-year period of limitations, the retaliation claim of Mr. Todd is limited to retaliatory actions to actions which took place on or after March 12, 2009.

On January 29, 2015, Mr. Todd proffered a second report prepared by Dr. Pacey.  The second report [#179-4] is shown as Exhibit 4 to the present motion.  In her cover letter to counsel, Dr. Pacey states:

> Since issuing my original report on December 30, 2014 you have requested I include a second *Scenario (Scenario II)* of earnings losses that consider Mr. Todd's earnings with Fidelity prior to the statute of limitations to measure pre-demotion earnings.  Earnings losses in *Scenario II* commence in March 2009 (given my understanding of the statute of limitation), but the pre-demotion earnings are based on amounts he earned prior to the statute of limitations.

*Motion* [#179], Exhibit 4, CM/ECF p. 2 (emphasis in original).  In her original report, earnings of Mr. Todd were based on his 2009 W-2 wages of 99,700 dollars.  In the second report

> earnings commence in March 2009 (given the statute of limitations) but are based on Mr. Todd's average earnings in the first six months of 2008 (prior to his demotions) of $137,400 but adjusted to $131,400 recognizing the company-wide 10% *based pay* decrease in mid-2008.

*Id.*, CM/ECF p. 4.

In their motion, the defendants argue that the opinions in the second report of Dr.

Pacey are untimely and must be excluded under  Fed. R. Civ. P. 37(c).  In addition, in

the view of the defendants, the opinions in the second report are not reliable because

they are based on an unsupported legal doctrine –  that a continuing violation theory

can be applied to the retaliation claim of Mr. Todd.[2]

Mr. Todd argues it is proper to calculate his pre-retaliation baseline wages as of

early 2009.  The recalculation reflected in the second report of Dr. Pacey is a

recalculation of "his earnings based on the higher salary he had been earning prior to

Defendants' first act of retaliation, in March of 2008."  *Response* [#195], p. 5.  He says

he was unable to reconstruct his pay prior to the cut until the defendants provided him

with certain information about his pay.  Mr. Todd says he did not receive that

information from the defendant until December 23, 2014, and January 9, 2015.

*Response* [#195], p. 7.  Given these circumstances, Mr. Todd argues, the late

disclosure of the second report of Dr. Pacey is justified and harmless.

## II.  ANALYSIS

The fundamental issue is what loss of income allegedly caused by the retaliation

of the defendants may be considered as part of the retaliation claim.  Mr. Todd argues

that § 3730(h)(1), the FCA retaliation provision, provides that an employee who suffers

retaliation is entitled to all relief necessary to make that employee "whole."  Given this

statutory mandate, Mr. Todd contends, "(a)ny remedy which fail(s) to account for

Plaintiff's higher pre-retaliation earnings baseline as of early 2008 would fail to make

him whole, as required by the statute."  *Response* [#195], p. 10.

---

[2]  The defendants note that the second report of Dr. Pacey includes also a correction to the
calculations of Dr. Pacey as expressed in her first report.  *Motion* [#179], p. 4 n.1.  The defendants do not
seek exclusion of this correction.

I disagree with the position of Mr. Todd.  Section 3730(h)(3) provides the three-year period of limitations for retaliation claims.  Reading § 3730(h)(1) and (h)(3) together, I conclude that Mr. Todd may seek to recover damages only for retaliatory actions which occurred on or after March 12, 2009.  Damages for such retaliation must be based on the salary of Mr. Todd as of that date or a later date.  If the salary of Mr. Todd was reduced prior to March 12, 2009, as a result of unlawful retaliation prior to March 12, 2009, such earlier salary reductions are not actionable as part of his retaliation claim.  This is so because, as a matter of law, retaliatory acts prior to March 12, 2009, are not actionable.

In the second report of Dr. Pacey, Mr. Todd seeks to engage in a recalculation of "his earnings based on the higher salary he had been earning prior to Defendants' first act of retaliation, in March of 2008." *Response* [#195], p. 5.  In short, he seeks to calculate damages for retaliatory acts which occurred outside of the three-year period to which his retaliation claim is limited.  That approach ignores the limit specified in § 3730(h)(3).  Thus, I conclude that the principle on which Dr. Pacey relies in her second report is not applicable in this case.  Salary reductions suffered by Mr. Todd prior to March 12, 2009, which were caused by unlawful retaliation prior to March 12, 2009, are not properly a part of the retaliation claim of Mr. Todd.  Opinion testimony which analyzes and relies on such salary reductions is not relevant to the retaliation claim of Mr. Todd.

In addition, I agree with the defendants that the second report of Dr. Pacey was not timely disclosed.  Under  Fed. R. Civ. P. 26(a)(2)(D), parties must make expert "disclosures at the times and in the sequences that the court orders."  The deadline for disclosure of affirmative experts in this case was December 31, 2014.  The second

report of Dr. Pacey was disclosed on January 29, 2015.  The second report of Dr.

Pacey is not properly considered as a supplement of her first report.  Rather, her

second report adopts an entirely new theory of analysis.  The second report contains

new and additional opinions which were not disclosed in the initial, timely disclosure of

Dr. Pacey.  Thus the new opinions in the second report were not timely disclosed and

are excluded under  Fed. R. Civ. P. 37(c).

**THEREFORE, IT IS ORDERED** as follows:

1.  That the **Motion To Exclude Second Expert Report of Dr. Pacey** [#179]

filed February 23, 2015, is granted;

2.  That the opinions of Dr. Patricia Pacey stated in her second report [#179-4] as

disclosed to the defendants on January 29, 2015, are excluded from evidence.

Dated March 19, 2015, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge