**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 12-cv-666-REB-CBS

UNITED STATES OF AMERICA, ex rel. DALE TODD,

    Plaintiffs,

v.

FIDELITY NATIONAL FINANCIAL, INC.,
FIDELITY NATIONAL TITLE INSURANCE COMPANY,
CHICAGO TITLE INSURANCE COMPANY,
SERVICELINK, INC., and
SERVICELINK, LLC,

    Defendants.

**ORDER GRANTING MOTION TO EXCLUDE
LATE PRODUCED DOCUMENTS**

**Blackburn, J.**

This matter is before me on the **Motion Under Rule 37(c)(1) To Exclude from Trial Plaintiff's Late-Produced Documents** [#191][1] filed March 5, 2015. The plaintiff filed a response [#209], and the defendants filed a reply [#211]. I grant the motion.

Trial in this case will begin Monday, March 23, 2015. Fact discovery closed on February 13, 2015. On February 27, 2015, the plaintiff, Dale Todd, produced over 500 pages of documents from boxes of the personal files of Mr. Todd. Those boxes were stored in his shed. The defendants contend these late-produced documents should be excluded from evidence under Fed. R. Civ. P. 37(c)(1).

---

[1] "[#191]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

Rule 37(c)(1) provides that if a party fails to properly disclose information as required by Rule 26, "the party is not allowed to use that information or witness to supply evidence . . . at trial, unless the failure was substantially justified or is harmless." When applying Rule 37(c)(1), the court is guided by the following factors: "(1) the prejudice or surprise to the party against whom the [evidence] is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." ***Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.***, 170 F.3d 985, 993 (10th Cir. 1999).

Given the circumstances evidenced in the motion, response, and reply, as well as the circumstances of this case, I conclude that the documents disclosed by Mr. Todd in his fifth supplemental disclosures, dated February 27, 2015, must be excluded from evidence. The record indicates that Mr. Todd had custody and control of these documents since before he filed this case. Nothing in the response [#209] of Mr. Todd demonstrates substantial justification for his failure to disclose these documents in his initial Rule 26 disclosures or in subsequent disclosures. His failure to timely disclose is not harmless. In their motion [#191], the defendants specify prejudice they will suffer if Mr. Todd is permitted to use these documents at trial. That prejudice is significant. Given that trial is set to begin on March 23, 2015, there is little if any reasonable opportunity to cure the prejudice. In addition, permitting Mr. Todd to use the late-disclosed documents at trial would cause some disruption of the trial, particularly in the form of additional and hastily planned examination of Mr. Todd concerning the newly revealed documents. Even if I assume there is no evidence of bad faith or willfulness by Mr. Todd, the other relevant factors weigh strongly in favor of exclusion.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Motion Under Rule 37(c)(1) To Exclude from Trial Plaintiff's Late-Produced Documents** [#191] filed March 5, 2015, is granted;

2. That under Fed. R. Civ. P. 37(c)(1), the documents disclosed by the plaintiff, Dale Todd, in his fifth supplemental disclosures, dated February 27, 2015, are excluded from evidence.

Dated March 19, 2015, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge